UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREEM OMAR JONES,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                              Defendants. | 19-CV-9126 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Southport Correctional Center, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his 2016 arrest and

subsequent prosecution. By order dated November 4, 2019, the Court granted Plaintiff's request

to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns Plaintiff's July 2, 2016 arrest and search incident to his arrest, which Plaintiff asserts were pretextual. He claims that police officers from the New York City Police Department (NYPD) arrested him because he is black, not because, as they claimed, he double-parked his vehicle. Plaintiff names as Defendants the City of New York; Officer Gelphin Gomez; Sergeant Anthony Peters; District Attorney (DA) Cyrus Vance; Assistant District Attorneys (ADAs) Bridget Brennan; Angie Morelli; Angie Godoy; Brandon Young; and Lauren Stoia; criminal defense lawyers Ricky Ghosh and Gene Conway; and the former President of the Legal Aid Society, Blaine Fogg.[2] He seeks money damages.

The following facts are taken from the complaint: After the NYPD officers arrested Plaintiff and transported him to a police precinct in lower Manhattan, they strip-searched him. Defendant Ricky Ghosh, who was assigned to represent Plaintiff, failed to ensure that Plaintiff could testify at the grand jury, which held its proceedings sometime in July 2016. Had Plaintiff testified before the grand jury, it would have voted not to indict him. Instead, on February 27, 2017, a jury found Plaintiff not guilty of four of the six counts. Thus, Plaintiff was unnecessarily incarcerated from his arrest until the not guilty verdict on the four counts.

Plaintiff brings claims against the City of New York, claiming that it "failed to properly train and discipline its policy of giving effective assistance of counsel with respect to executing its policy of meaningful representation." ECF No. 2, at 7. He also asserts that the Legal Aid Society failed to train its lawyers to effectively represent their clients. As for the prosecutors,

---

[2] Blaine Fogg died on July 14, 2019.

Plaintiff claims that because the NYPD officers did not have probable cause to arrest him, his prosecution was malicious.

According to public records, Plaintiff was convicted of third-degree criminal possession of a controlled substance and sentenced to a determinate term of six years' incarceration.

## DISCUSSION

### A.    Prosecutorial immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendants Vance, Brennan, Morelli, Godoy, Young, and Stoia are based on actions within the scope of their official duties and associated with the conduct of the judicial phase of the criminal process. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.      Private parties**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Here, Plaintiff names as defendants his court-appointed lawyers, that is, Ricky Ghosh and Gene Conway, as well as the former President of the Legal Aid Society. But these individuals are private parties who do not work for any state or other government body; their court-appointment does not convert their conduct into state action. As they are not state actors, Plaintiff has not stated a claim against them under § 1983. Accordingly, the Court dismisses the § 1983 claims brought against them for failure to state a claim showing that Plaintiff is entitled to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    False arrest

Plaintiff's claim that NYPD officers falsely arrested him is untimely. The statute of

limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for

personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting

*Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y.

C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to

know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir.

2013). False arrest claims accrue when a plaintiff is detained pursuant to legal process; if the

plaintiff was arrested without a valid warrant, it is the date when the plaintiff is bound over by a

judge or arraigned. *See Wallace v. Kato*, 549 U.S. 384, 388-90 (2007).

Here, Plaintiff's claims regarding his arrest occurred on or about the date he was

presented before a judge, that is, on or about the date of his arrest, July 2, 2016. He therefore had

until July 2, 2019, or the date he was presented before a judge, to file this action. Plaintiff filed

the complaint on September 30, 2019,[3] nearly three months after the statute of limitations

expired.

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.

Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

*See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

---

[3] Plaintiff signed the complaint on September 25, 2019.

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time-barred. The Court therefore grants Plaintiff leave to amend his complaint to state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## D.    Malicious prosecution

A malicious prosecution claim under § 1983 requires four elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). Moreover, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Here, public records indicate that Plaintiff was convicted of a narcotics offense. But because he does not assert any facts regarding the result of each of the six counts against him, the

Court cannot determine whether the underlying proceeding ended in a manner that indicates his innocence. The Court therefore grants Plaintiff leave to assert more facts regarding his malicious prosecution claim.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9126 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is also directed to dismiss from the action Defendants Brennan, Morelli, Godoy, Young, Stoia, Ghosh, Conway, and Fogg. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   December 3, 2019
        New York, New York

                                      COLLEEN McMAHON
                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                       State                  Zip Code

Defendant 2:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                       State                  Zip Code

Defendant 3:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                       State                  Zip Code

Defendant 4:

First Name                       Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                       State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

---

Dated                                                          Plaintiff's Signature

---

First Name                          Middle Initial              Last Name

---

Prison Address

---

County, City                                         State                  Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____