UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM OMAR JONES,

        Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

19-CV-9126 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated at Southport Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 3, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on January 31, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

By order dated December 3, 2020, the Court granted Plaintiff leave to amend his complaint to state facts showing that the statute of limitations for his time-barred false arrest claim should be equitably tolled and that his criminal proceedings ended in a manner that affirmatively indicated his innocence.

In the amended complaint, Plaintiff asserts the following: on July 2, 2016, Plaintiff entered a parking lot in the Gompers Houses in the Bronx, a New York City Housing Authority development, to pick up his girlfriend from work. As he entered the complex, he drove by a marked New York City Police Department (NYPD) vehicle. After he passed the vehicle, NYPD Officers ordered Plaintiff, over a loudspeaker, "to put the vehicle in park" and roll down his window; Plaintiff complied. (ECF No. 10 at 6.) Defendants Officer Gomez, Sergeant Peters, and two John Doe officers approached Plaintiff's vehicle, and Gomez "looked down inside of [Plaintiff's] vehicle without a search warrant [where there was] no contraband in plain view . . . [nor] was [Plaintiff] smoking [marijuana] before entering the parking lot." (*Id.* at 7.)

Gomez ordered Plaintiff out of his vehicle and then searched the vehicle while Officer John Doe #1 searched Plaintiff; Gomez also pat frisked Plaintiff. Then,

> Officer Gomez picked up a bag off the floor with a white substance inside of it and stated to Mr. Jones is this yours[?] Mr. Jones assert[ed] that he was already searched and that the bag on the floor was not his or on him while Sergeant Peters and Officer John Doe #[1] [and] Officer John Doe #2 observed. Officer Gomez then placed Mr. Jones under arrest.

(*Id.* at 7-8.) The officers brought Plaintiff's vehicle to their precinct and searched the vehicle.

On July 16, 2016, a grand jury indicted Plaintiff on the following counts: two counts of third-degree possession of a controlled substance, both of which are Class B felonies and subsections of New York Penal Law § 220.16; second-degree criminal use of drug paraphernalia (N.Y. Pen. L. § 220.50), a Class A misdemeanor; seventh-degree possession of a controlled

substance (N.Y. Pen. L. § 220.03), namely "methamphetamine pills from the officers [sic] fabricated claim . . . that the pills w[ere] inside of the bag of narcotics that the officer picked up" (*id.* at 18), a Class A misdemeanor; unlawful possession of marijuana, a violation; and trespassing at the Gompers House, which most likely constituted a charge of third-degree criminal trespass (N.Y. Pen. L. § 140.10), a Class B misdemeanor. With respect to the drug paraphernalia count, the

> scale was at the bottom of the console inside the vehicle months prior to Mr. Jones['] arrest that was placed there after his girlfriend found that scale in the garbage after her cleaning shift after finding that the scale was worth nothing."

(*Id.* at 18.)

On February 8, 2017, Plaintiff moved "to suppress the narcotics, scale, marijuana and trespassing," but the trial court denied Plaintiff's motion. (*Id.* at 8.) The trial court credited the witness-officer's testimony that he had observed Plaintiff "double parking by the changing of lights, taillights in the morning" (*id.*), and based on this observation, pulled Plaintiff's vehicle over; the trial court denied Plaintiff's motion.

A jury found Plaintiff guilty on one of the third-degree controlled substance counts – third-degree possession of a controlled substance "aggregate weight" and unlawful possession of marijuana. (*Id.* at 9.) But the jury found him not guilty on the other controlled substance count – third-degree criminal possession of a controlled substance with intent to sell – as well as the counts: second-degree use of drug paraphernalia (the scale); seventh-degree possession of a controlled substance; and trespassing.

Plaintiff claims that the jury deadlocked on the third-degree possession of a controlled substance aggregate count, but "a coerced jury" eventually found him guilty on this count. (*Id.*)

3

Plaintiff argues that he learned of the officers' "invention of the claim that he had double parked" at the suppression hearing in February 2017, and therefore the statute of limitations for his false arrest claim should be tolled. (*Id.* at 12.) Plaintiff claims that the officers stopped him because he is African American. (*Id.* at 10.)

According to publicly available records, Plaintiff appealed his conviction, and on November 12, 2019, the Appellate Division, First Department, affirmed it.[1] *See People v. Jones*, 177 A.D.3d 444, 444 (App. Div. 1st Dep't 2019). The court held that

> There [wa]s no basis for disturbing the jury's credibility determinations. When an officer saw defendant drive into a Housing Authority parking lot and park without the required sticker, as well as in a manner that blocked two parking spaces, this provided an objective credible reason permitting the officer to approach and request information.

*Id.*

Plaintiff seeks money damages.

## DISCUSSION

**A.  False Arrest**

Plaintiff's claims arising out of his arrest are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

---

[1] The Appellate Division did vacate the marijuana conviction, holding that "[u]nder CPL 160.50(5), effective August 28, 2019, [Plaintiff's] marijuana conviction became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court. In any event, we vacate that conviction." *Jones*, 177 A.D.3d at 444.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]"); *see, e.g.*, *Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983.").

Because success on Plaintiff's false arrest claim would necessarily imply the invalidity of Plaintiff's conviction, and his conviction has not been overturned or otherwise invalidated, *Heck*'s favorable termination rule bars the § 1983 claims for money damages. That is, if Plaintiff were to prevail on his claim that the arrest for drug possession was unconstitutional, his conviction for third-degree possession of a controlled substance would be called into question as invalid. The Court must therefore dismiss Plaintiff's § 1983 claims arising from his arrest. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.     Malicious Prosecution**

A malicious prosecution claim under § 1983 requires four elements: (1) the initiation or continuation of a criminal proceeding; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). Moreover, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

A plaintiff must also show that he suffered a post-arraignment deprivation of liberty implicating his Fourth Amendment rights. *See Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013) (noting that the Court of Appeals has "consistently held that a post-arraignment defendant who is 'obligated to appear in court in connection with [criminal] charges whenever his attendance [i]s required" suffered a Fourth Amendment deprivation of liberty") (citations omitted); *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (a plaintiff asserting a claim of malicious prosecution must "show some deprivation of liberty consistent with the concept of 'seizure'") (citation omitted); *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) (holding that a "plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must [also] show some deprivation of liberty consistent with the concept of 'seizure'") (citation omitted).

Where a criminal prosecution concluded in acquittal on some but not all charges, the court must determine whether the charges are "sufficiently distinct to allow a malicious prosecution claim to proceed on the charge for which there was an acquittal." *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989). In *Janetka*, the Court of Appeals held that a malicious prosecution claim could proceed because

> Janetka was charged with two distinct offenses involving distinct allegations. The disorderly conduct charge involved Janetka's actions directed at the unidentified [H]ispanic man; the resisting arrest charge involved his actions directed at the officer's attempts to arrest him. The elements of each charge are different, neither charge is a lesser included offense of the other.

*Janetka*, 892 F.2d at 190. "The Second Circuit also examined the comparative severity of the two charges and concluded that '[t]o hold that an acquittal does not constitute a favorable termination would be particularly inappropriate in this case, where the charge for which Janetka was acquitted was more serious than the one for which he was convicted.'" *Dunham v. City of New York*, 295 F. Supp. 3d 319, 334 (S.D.N.Y. 2018) (quoting *Janetka*, 892 F.2d at 190).

6

Here, Plaintiff was convicted of third-degree possession of a controlled substance in an aggregate amount and acquitted of third-degree possession of a controlled substance with the intent to sell, second-degree use of drug paraphernalia, seventh-degree possession of a controlled substance, and trespassing. Except for the trespassing charge, the drug charges are neither distinct offenses nor involve a distinct set of allegations; most notably, the two third-degree possession charges are subsections of the same statute and are both Class B felonies. The seventh-degree possession charge concerned the same bag of drugs confiscated by the police and is a lesser charge. And the drug paraphernalia charge, also a lesser charge, concerned the sale of the charged narcotics, some of which Plaintiff was convicted of possessing. Thus, because these charges do not involve distinct offenses and distinct allegations, but rather concern the same set of facts, the Court dismisses Plaintiff's malicious prosecution claims as to these acquitted charges.

The Court also dismisses the malicious prosecution claim as to the trespassing charge because Plaintiff cannot show that he suffered a post-arraignment seizure based on that charge alone. Even if he had not been prosecuted on the trespassing charge, the controlled substance charge for which he was convicted justified any deprivation of liberty that he suffered. *See Swartz*, 704 F.3d at 112.

The Court dismisses Plaintiff's malicious prosecution claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This order is to be mailed in chambers.

SO ORDERED.

Dated:   March 27, 2020
           New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.